Case 7:20-cv-08253-KMK Document 28 Filed 05/12/21 Page 1 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEAMSTERS LOCAL 456 PENSION, HEALTH & WELFARE, ANNUITY, EDUCATION & TRAINING, INDUSTRY ADVANCEMENT, AND LEGAL SERVICES FUNDS by Louis A. Picani, Joseph Sansone, Dominick Cassanelli, Jr., Saul Singer, Ross Pepe, and Jeffrey Isaacs as Trustees and Fiduciaries of the Funds, and WESTCHESTER TEAMSTERS LOCAL UNION NO. 456,

Plaintiffs,

- against -

AMERICAN TREE AND LANDSCAPE CORP. and DEBORAH PARRINO, INDIVIDUALLY,

Defendants.

Case No. 7:20-cv-08253 (KMK)

**STIPULATION AND ORDER OF SETTLEMENT**

**WHEREAS,** this Stipulation and Order of Settlement (the "Stipulation") is entered into this ____ day of April 2021, by and between (1) Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement, and Legal Services Funds by Louis A. Picani, Joseph Sansone, Dominick Cassanelli, Jr., Saul Singer, Ross Pepe, and Jeffrey Isaacs as Trustees and fiduciaries of the Funds (the "Funds"), (2) Westchester Teamsters Local Union No. 456 ("Local 456," together with the Funds, "Plaintiffs"); (3) defendant American Tree and Landscape Corp. (the "Company"); (4) defendant Deborah Parrino, Individually; and (5) Steven Parrino, Individually ("Parrino," with the Company, the "Defendants") to resolve Plaintiffs' claims brought in this action.

**WHEREAS,** Plaintiffs and Defendants (collectively, the "Parties") agree that at all times relevant for this action, the Company is and has been a party to one or more collective bargaining agreements with the Union (collectively and individually, the "CBA"). Pursuant to

9633717.1

Case 7:20-cv-08253-KMK Document 28 Filed 05/12/21 Page 2 of 9

the CBA, the Company is bound by the terms, conditions, rules, and regulations of the Agreements and Declarations of Trust (the "Trust Agreements") and the Collections Policy of the Funds. Pursuant to the CBA, the Trust Agreements, and the Collections Policy, the Company is required to report to Plaintiffs the number of hours each of its employees covered under the CBA worked and were paid and to remit certain fringe benefits to the Funds and dues deductions to the Union on each or these hours for various employee benefits.

**WHEREAS,** Pursuant to the CBA, the Trusts, the Collections Policy, the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA"), if the Company fails to timely remit fringe benefits and deductions to Plaintiffs it is liable not only for the amount of fringe benefits and deductions due, but also for the following: (1) interest on the unpaid and untimely paid fringe benefits and deductions; (2) liquidated damages on delinquent fringe benefits; and (3) the costs and fees of collection, including, but not limited to, attorney's and paralegal fees, and related expenses.

**WHEREAS,** Parrino is the president of the Company and by signing this Stipulation in his corporate and individual capacity consents to be added as a Defendant to this Action, who is personally and individually liable.

**WHEREAS,** the Parties wish to resolve this matter without further litigation.

**NOW, THEREFORE**, in consideration of the mutual promises set forth herein, it is agreed by and among the Parties as follows:

1. The Parties hereto agree that the Defendants owe (a) fringe benefits and dues deductions due pursuant to submitted (or to be submitted) remittance reports for the months of November 2019 through November 2020; and (b) have failed to remit interest, liquidated

damages, ~~audit fees, and~~ attorney's fees and costs pursuant to unpaid and late-paid fringe benefits and dues deductions for the period of March 2018 through November 2020.

2. The Defendants have agreed to remit, and Plaintiffs have agreed to accept, $78,645.59 (the "Settlement Amount") in settlement of the amounts due as summarized in ¶ 1 of this Stipulation, with $73,093.92 in liquidated damages waived, provided there is no Uncured Default as that term is defined in ¶¶ 13-14 below.

3. Payment of the Settlement Amount shall be made in ten (10) monthly installments, commencing on May 1, 2021 and continuing thereafter on the first of each month thereafter until full payment of the Settlement Amount is paid. Each of the first nine (9) installment payments shall be in the amount of $7,864.55 ($70,780.95 total), with the final installment payment in the amount of $7,864.64.

4. Defendants, jointly and severally, acknowledge that the payment plan outlined in ¶ 3 above is made in accord with the Funds' temporary Amendment to its Collections Policy as relates to COVID relief.

5. Payments of all amounts due under this Stipulation shall be payable to the "Teamsters Local 456 Benefit Funds" and mailed or delivered to the following address: Teamsters Local 456 Funds, Attn: Andrew Mackie, Fund Administrator, 160 South Central Avenue, Elmsford, New York 10523.

6. In the event that a check for any payment due under this Stipulation is deemed uncollectible for any reason, the Defendants shall make all future payments by certified or bank funds and shall be responsible for any and all administrative fees assessed pursuant to the CBA, Trust Agreements, and Collections Policy terms.

7. To provide additional security to Plaintiffs, Defendants, jointly and severally, agree to entry into a confession of judgment against them jointly and severally, in the amount of $151,739.51, which amount totals the Settlement Amount, plus liquidated damages. Entry of the confession of judgment, less any payments made to offset the Settlement Amount, shall only be made in the event of an uncured default as that term is defined in ¶¶ 13-14 below. Ongoing contributions for 2021, plus to be completed audits, shall not be included in or part of the confession of judgment detailed herein.

8. To provide additional security to Plaintiffs, the Company shall execute a UCC-1 Lien covering its property and/or receivables due to it.

9. This Stipulation is without prejudice and subject to the rights and obligations of the Parties hereto under the CBA, Trust Agreements, and Collections Policy, including but not limited to (i) the Company's obligation to accurately and timely report to the Funds all contribution amounts as they become due, (ii) the Company's obligation to remit all contributions as they become due in addition to the payments required under ¶¶ 1-3 herein, (iii) the Company's continued obligation to submit to audit once requested; (iv) the Company's obligation to pay the Plaintiffs' costs of collection, including costs incurred in connection with the administration and/or enforcement of this Stipulation and any uncured Default as defined in ¶¶ 12-13, below, and nothing in this Stipulation is intended to alter, amend, or modify the terms of the CBA, Trust Agreements, and Collections Policy. For the avoidance of doubt, administration of this Stipulation shall include, but not be limited to, any action taken in response to a Default as defined in ¶¶ 12-13 below, including providing notice of a Default, communications with the Defendants and/or their counsel regarding any Default or cure of a Default, and conferring with Plaintiffs on whether a default has occurred. Enforcement of the

Stipulation shall include, but not be limited to, any steps taken in connection with enforcement efforts in the event of an Uncured Default, as defined in ¶¶ 12-13 below.

10. The Defendants, jointly and severally, agree that interest will accrue on all unpaid fringe benefits and due deductions balances due under this Stipulation until all such amounts are paid. The Defendants, jointly and severally, agree to pay all such interest. within seven (7) business days of notice of any such interest due.

11. The Defendants jointly and severally, agree to remit payment of all attorney's fees and costs incurred in administering of the terms of this Stipulation. For the avoidance of doubt, administration of this Stipulation shall include, but not be limited to, any action taken in response to a Default as defined in ¶¶ 12-13 below, including providing notice of a Default, communications with the Defendants regarding any Default or cure of a Default, and conferring with Plaintiffs on whether a default has occurred. Enforcement of the Stipulation shall include, but not be limited to, any steps taken in connection with enforcement efforts in the event of an Uncured Default, as defined in ¶¶ 12-13 below.

12. The Defendants, jointly and severally, agree that (a) their failure to tender any payment on the dates specified in this Stipulation, (b) the failure of any payment due to clear at the Funds' financial institution, (c) if any payment due hereunder (in whole or in part) is required to be returned or turned over to the Defendants or a third-party by a court of competent jurisdiction, and/or (d) the Defendants' failure to remain current in their contribution and reporting obligations to Plaintiffs, shall constitute a Default under this Stipulation. In the event of a Default, if the Defendants fail to cure such Default within seven (7) business days after written notice of such Default is transmitted to the Defendants, by email and first-class mail, Plaintiffs shall be entitled to take all action in such court of competent jurisdiction (the "Court")

Case 7:20-cv-08253-KMK Document 28 Filed 05/12/21 Page 6 of 9

for breach of this Stipulation as provided for herein. Judgment shall include docketing of the confession detailed in ¶ 7 herein, less any payments made to offset the judgment balance, executing upon the UCC-1 lien, as well as commencing litigation in federal court for all unpaid fringe benefits deductions, all interest due on unpaid and late-paid fringe benefits and deductions, all liquidated damages due on fringe benefits, and all attorney's fees and costs incurred that are not included in the confession of judgment, provided the County Court dockets the confession of judgment in accord with all proposer laws, through no fault of the Parties. These amounts are not limited to the figures quoted in ¶¶ 1-3 above. Plaintiffs' failure to avail itself of one or more of these remedies in the case of any one or more defaults hereunder shall not constitute a waiver of Plaintiffs' right to avail itself of this remedy in the event of a future default. In addition, the parties acknowledge that the Funds may avail themselves of all remedies as provided under applicable collective bargaining agreements, trust agreements and collection policies, in law and equity.in the event of an uncured Default.

13. Cure of Default as referenced herein shall mean full cure of default, to include payment of all amounts due through the cure date, including, but not limited to, amounts that became due after the Notice of Default was sent to the Defendants. Plaintiffs are not required to provide additional written notice of default in the event a Default is partially cured, including if additional amounts became due under this Stipulation after the written notice of Default was provided. Other than as required by applicable law, Plaintiffs are further not required to warn the Defendants and/or provide additional notice to the Defendants prior to taking enforcement steps in the event a Default remains uncured after seven (7) calendar days after written notice of the Default was provided. In the event of Uncured Default, Plaintiffs reserve all rights as to all Parties to this Action and Stipulation.

Case 7:20-cv-08253-KMK Document 28 Filed 05/12/21 Page 7 of 9

14. Notices or correspondence of any kind required under this Stipulation to the Defendants shall be sent to the following address by first class mail and email:

Steven Parrino
American Tree and Landscape Corp.
178 Charles Coleman Boulevard
Pawling, New York 12564
american_tree@verizon.net

15. The Defendants further acknowledge that it is their obligation and requirement, via certified mail, return receipt requested and email sent to Michael S. Adler, Esq., Cohen, Weiss and Simon LLP, 900 Third Avenue, Suite 2100, New York, New York 10022, to provide Plaintiffs with any change of address wherein notices or correspondence of any kind required under this Stipulation shall be sent.

16. The Defendants further admit, accept and voluntarily submit to the jurisdiction of the Court in this Litigation and in any action to enforce this Stipulation.

17. This Stipulation constitutes an agreement within the meaning of Section 29 U.S.C. § 1145 and shall be enforceable in federal court and shall be governed by and construed in accordance with applicable federal laws.

18. This Stipulation is entered into by the Parties pursuant to Joint Labor Department, I.R.S. Notice on Class Exemptions from Prohibited Transactions for Multi-Employer and Multiple Employer Plans, 41 Fed. Reg. 12740 (March 26, 1976), on the grounds that: (i) the Funds have made reasonable, diligent, and systematic efforts to collect the full fringe benefits due; and (ii) collection of the full fringe benefits due and owing by any means other than an extension of time is remote; and (iii) this extension of time is granted as an aid to collection, and only for that purpose.

Case 7:20-cv-08253-KMK Document 28 Filed 05/12/21 Page 8 of 9

19. This Stipulation cannot be changed or terminated orally and shall inure to the benefit of and be binding upon the parties hereto and their respective partners, heirs, distributees, legal representatives, successors and assigns.

20. This Stipulation shall not limit or restrict the amount owed by the Defendants or any of the remedies available to Plaintiffs under any other agreements with the Defendants, or any agreements with other parties or pursuant to applicable laws.

21. The Defendants shall not assert any affirmative defense to payments due hereunder other than actual tender of payment, expiration of the applicable statute of limitations, and/or the equitable doctrine of laches.

22. The Court shall retain jurisdiction of this matter. By signing this Stipulation, the Defendants agree to the Court's exercise of personal jurisdiction over them for the purpose of enforcing their respective obligations set forth in this Stipulation, as permitted by federal law.

23. The parties request the Court to administratively close this matter, with the Funds retaining the right to commence subsequent litigation in the event the Defendants' Uncured Default under this Stipulation, specifically as provided for herein

24. Subject to the Uncured Default terms and conditions herein, this Stipulation resolves the pending claim against Deborah Parrino.

25. Parrino acknowledges that he is personally and individually jointly and severally liable with the Company as detailed in this Stipulation.

**IN WITNESS WHEREOF,** the signatories to this Stipulation have caused this Stipulation to be executed by their respective representatives thereunto duly authorized or themselves where indicated:

TEAMSTERS LOCAL 456 PENSION, HEALTH & WELFARE, ANNUITY, EDUCATION & TRAINING, INDUSTRY ADVANCEMENT, and LEGAL SERVICES FUNDS

By: Joseph Sansone
Dated: 5/11/2021

By: Ross Pepe
Dated: 5/11/2021

WESTCHESTER TEAMSTERS LOCAL UNION NO. 456

By: Louis A. Picani
Dated: 5/11/2021

AMERICAN TREE AND LANDSCAPE CORP.

By: Steven Parrino
Dated: May 6, 2021

STEVEN PARRINO, Personally and Individually Jointly and Severally Liable

By: Steven Parrino
Dated: May 6, 2021

**SO ORDERED:**

5/11/21



9633717.1